1

2

3

4

5                          IN THE UNITED STATES DISTRICT COURT

6                        FOR THE NORTHERN DISTRICT OF CALIFORNIA

7                                    EUREKA DIVISION

8

9    FLORIDALMA ALVAREZ,                    No. CV 10-1071 NJV
     YOURI BEZDENEJNYKH,
10                                          **ORDER GRANTING IN PART AND
                 Plaintiffs,                DENYING IN PART DEFENDANTS'
11                                          MOTION TO DISMISS** (Docket No. 22)
        v.
12
     LAKE COUNTY BOARD OF SUPERVISORS,
13   et al.,

14               Defendants.
                                        /
15

16          Plaintiffs Floridalma Alvarez and Youri Bezdenejnykh filed their complaint on March 12,

17   2010, against Defendants Lake County Board of Supervisors, Lake County, Lake County Code

18   Enforcement Manager (i.e., Manager of the County's Code Enforcement Division) Voris Brumfield

19   in her individual and official capacity, and Director of Lake County Community Development

20   Department Richard Coel in his individual and official capacity.[1]  Compl. ¶ 29 & Ex. J (Doc. No. 1);

21   Defs.' Request for Judicial Notice ("RJN"), Exs. 9 & 11 (Doc. Nos. 26-11 & 26-13).  The Court

22   granted Plaintiffs' motion for leave to proceed *in forma pauperis* ("IFP"), but did not address

23   whether the complaint should be dismissed under 28 U.S.C. § 1915.  (Doc. No. 12)  The parties

24   consent to the jurisdiction of this Court pursuant to 28 U.S.C. § 636(c).  (Doc. Nos. 6 & 21)

25   Defendants now move to dismiss the complaint, or alternatively, move for a more definite statement

26   under Federal Rule of Civil Procedure 12(e).  (Doc. No. 22)  Plaintiffs have filed their opposition

27   and Defendants have filed their reply.  (Doc. Nos. 30 & 36)  The parties also submitted

28

         [1]      The complaint also refers to Defendant Coel as the Director of the Lake County Planning
     Department, but it appears that Defendant Coel's correct title is Community Development Director. *See*
     Compl. ¶ 29; Defs.' RJN, Ex. 11.

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1  supplemental briefing as required by the Court.  (Doc. Nos. 40 & 44)  Having considered the

2  arguments of the parties and the papers submitted, and for good cause shown, the Court **grants in**

3  **part and denies in part** Defendants' motion.

## I. BACKGROUND

5       Plaintiffs owned, but no longer currently own, property located at 10865 Pine Point Road in

6  Cobb, California.[2]  Compl. ¶ 6; Defs.' RJN, Ex. 1; Pls.' Opp. at 5 (conceding that Plaintiffs returned

7  the underlying property to the seller).  This action is based on Defendant Lake County Board of

8  Supervisors' denial of Plaintiffs' building permit to build a home on their property and the Board's

9  order to abate the nuisance requiring Plaintiffs to remove personal property and a storage facility on

10  this property.  Plaintiffs raise the following claims:  (1) due process violations; (2) violation of the

11  federal Fair Housing Act, 42 U.S.C. § 3604, for discrimination based on a handicap; (3) violation of

12  Plaintiffs' right to "essential use of land;" (4) taking private property without just compensation,

13  which resulted from Defendants' order to remove and dispose of Plaintiffs' building materials and

14  personal property; (5) violation of Plaintiffs' rights under "land patent law;" (6) request for an order

15  of cease and desist; and (7) intentional infliction of emotional distress.  *See* Compl. ¶¶ 31-69.

16  Plaintiffs also request that the Court prohibit Defendants from taking their property and demolishing

17  Plaintiffs' building.  Compl. ¶ 67.  Though difficult to understand, it appears that Plaintiffs' due

18  process claim is based on allegations that Defendant Board improperly functioned as a court in

19  denying the building permit and issuing a nuisance order; California state judges are corrupt and

20  therefore, this action could not be filed in state court; Plaintiffs were entitled to a jury trial because

21  Defendants Board and County's decisions determined Plaintiffs' legal rights, but Plaintiffs' right to

22  a jury was violated; and that the California Uniform Building Code is vague because it does not

23  identify what buildings are regulated by the code.  Compl. ¶¶ 17, 23, 32, 37, 38, 43-44.  The Court

24  interprets the complaint to allege only state law claims against Defendants Brumfield and Coel

25  because the complaint does not raise allegations against either individual Defendant in its federal

26  due process or Fair Housing Act claims.

---

28      [2]  Defendants have requested that the Court take judicial notice of documents establishing that Plaintiffs no longer own the underlying property, which is discussed in further detail in Sections II.B and II.E below on judicial notice and standing.

**United States District Court**
For the Northern District of California

1    Defendants move to dismiss the complaint for lack of subject matter jurisdiction under Rule

2    12(b)(1) and under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, for

3    lack of standing, failure to exhaust administrative remedies, and immunity.  Alternatively,

4    Defendants move for a more definite statement under Rule 12(e) because the complaint is so vague

5    or ambiguous that Defendants cannot reasonably prepare a response.

6    In their reply, Defendants argue that Plaintiffs did not conform to the local rules and

7    requirements for an opposition.  Due to this failure, Defendants argue that Plaintiffs have waived

8    their objections to the motion to dismiss.  Defendants raise no other arguments in their reply.

9    Defendants are correct that Plaintiffs' opposition does not conform to the local rules and is inartfully

10    drafted in the format of a responsive pleading (e.g., referring to affirmative defenses, etc.).  The

11    Court denies Defendants' request, however, because Plaintiffs are proceeding pro se and courts

12    generally interpret pro se pleadings and briefs liberally.  *See, e.g., Balistreri v. Pacifica Police*

13    *Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  However inartfully drafted, the Court is able to

14    understand and infer Plaintiffs' arguments in opposition to Defendants' motion to dismiss.

15    On or about August 30, 2010, Plaintiff Alvarez submitted to the Court three documents: (1)

16    Notice of Reneg of One Plaintiff Youri Ivanovich Bezdenejnykh; (2) Notice of Change of Address;

17    (3) Notice of Unavailability of Plaintiff for the period September 19 through 30, 2010.  Because

18    Plaintiffs appear pro se, they may file documents by mail pursuant to the procedures set forth in the

19    Court's Handbook for Litigants Without a Lawyer by mailing the documents, conforming with the

20    requirements of Civil Local Rule 3-4, to the Clerk's Office, United States District Court for the

21    Northern District of California, 450 Golden Gate Avenue, 16th Floor, San Francisco, CA 94102.

22    Plaintiffs did not, however, provide a certificate of service demonstrating that she mailed a copy of

23    these documents to defense counsel as required by Civil Local Rule 5-6.  The Court has arranged to

24    have these documents filed on the electronic docket and served electronically to defense counsel.

25    For all future filings, however, the Court admonishes Plaintiffs to follow the Northern District of

26    California's local rules, which are available on the Court's website, and the Federal Rules of Civil

27    Procedure.  Failure to comply with the Court's local rules or any applicable Federal Rules may be

28    grounds for imposition of sanctions.  Civil L.R. 1-4.

**United States District Court**
For the Northern District of California

1    In order for Plaintiff Bezdenejnykh to be removed from this action, he must file a notice of

2    withdrawal indicating whether he withdraws all his claims against Defendants.  In the absence of

3    such a notice filed by Plaintiff Bezdenejnykh, the Court will address Plaintiff Bezdenejnykh's

4    withdrawal from the action at the next case management conference on a date to be proposed by the

5    parties pursuant to the July 13, 2010 case management order, ¶ 7.

6

7                                           **II.  DISCUSSION**

8    **A.    Legal Standards**

9          A complaint must contain a "short and plain statement of the claim showing that the pleader

10   is entitled to relief."  Fed. R. Civ. P. 8(a).  While Rule 8 "does not require 'detailed factual

11   allegations,'" a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim

12   to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949

13   (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)).  Facial plausibility

14   is established "when the plaintiff pleads factual content that allows the court to draw the reasonable

15   inference that the defendant is liable for the misconduct alleged."  *Id*.

16         In ruling on a motion to dismiss, courts may consider only "the complaint, materials

17   incorporated into the complaint by reference, and matters of which the court may take judicial

18   notice."  *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).

19   When matters outside the pleadings are presented on a Rule 12(b)(6) motion and are not excluded by

20   the court, the court must convert the Rule 12(b)(6) motion to a Rule 56 summary judgment motion.

21   Fed. R. Civ. P. 12(d).

22         We construe the complaint liberally because it was drafted by a pro se plaintiff.  *Balistreri*,

23   901 F.2d at 699.  When granting a motion to dismiss, the court is generally required to provide pro

24   se litigants with "an opportunity to amend the complaint to overcome deficiencies unless it is clear

25   that they cannot be overcome by amendment."  *Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir.

26   1987).  In determining whether amendment would be futile, the court examines whether the

27   complaint could be amended to cure the defect requiring dismissal "without contradicting any of the

28   allegations of [the] original complaint."  *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir.

1990).  Leave to amend should be liberally granted, but an amended complaint cannot allege facts inconsistent with the challenged pleading.  *Id.* at 296-97.

## 1. Dismissal Under 28 U.S.C. § 1915(e)

Once an action is filed IFP, the court "shall dismiss the case *at any time* if the court determines that" the allegation of poverty is untrue, the action is frivolous or malicious, the action fails to state a claim upon which relief may be granted, or the action seeks monetary relief from defendants who are immune from such relief.  28 U.S.C. §1915(e)(2) (emphasis added); *see also Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992), *superseded on other grounds as stated in Cruz v. Gomez*, 202 F.3d 593, 596 (2nd Cir. 2000); *Franklin v. Murphy*, 745 F.2d 1221, 1226-27 (9th Cir. 1984).

Dismissal for frivolousness prior to service under section 1915(e) is appropriate where no legal interest is implicated, i.e., where a claim is premised on an indisputably meritless legal theory or is clearly lacking any factual basis.  *Neitzke v. Williams*, 490 U.S. 319, 327 (1989), *superseded on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000).

### a. Legal Frivolousness

A complaint lacks an arguable basis in law only if controlling authority requires a finding that the facts alleged fail to establish an arguable legal claim.  *See Guti v. INS*, 908 F.2d 495, 496 (9th Cir. 1990) (per curiam).  A complaint filed IFP is not frivolous within the meaning of section 1915(e) because it fails to state a claim under Federal Rule of Civil Procedure 12(b)(6).  *See Neitzke*, 490 U.S. at 329-31.  Under Rule 12(b)(6)'s failure-to-state-a-claim standard -- which is designed to streamline litigation by dispensing with needless discovery and fact-finding -- a court may dismiss a claim based on a dispositive issue of law without regard to whether it is based on an outlandish theory or on a close but ultimately unavailing one, whereas under section 1915(e)'s frivolousness standard -- which is intended to discourage baseless lawsuits -- dismissal is proper only if the legal theory or factual contentions lack an arguable basis.  *See id.* at 324-28.  Allowing courts to dismiss claims filed IFP for failure to state a claim sua sponte would deny indigent plaintiffs the practical protections of Rule 12(b)(6), namely, notice of a pending motion to dismiss and an opportunity to amend the complaint before the motion is ruled on.  *Id.* at 329-30.  Legal frivolity in the section

United States District Court
For the Northern District of California

1   1915(e) context refers to a more limited set of claims than does Rule 12(b)(6), with the

2   understanding that not all unsuccessful claims are frivolous.  *Id*. at 329.

### b.   Factual Frivolousness

4   Section 1915 also accords judges the unusual power to pierce the veil of the complaint's

5   factual allegations and dismiss those claims whose factual contentions are clearly baseless.  *Denton*,

6   504 U.S. at 32.  Examples are claims describing fantastic or delusional scenarios.  *Id*. at 32-33.  To

7   pierce the veil of the complaint's factual allegations means that a court is not bound, as it usually is

8   when making a determination based solely on the pleadings, to accept without question the truth of

9   the plaintiff's allegations.  *Id*. at 32.  But, this initial assessment of the IFP plaintiff's factual

10  allegations must be weighted in favor of the plaintiff.  *Id*.  A frivolousness determination cannot

11  serve as a fact-finding process for the resolution of disputed facts.  *Id*.  A finding of factual

12  frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly

13  incredible, whether or not there are judicially noticeable facts available to contradict them.  *Id*.  But

14  the complaint may not be dismissed simply because the court finds the plaintiff's allegations

15  unlikely or improbable.  *Id*. at 33.

### 2.   Rule 12(b)(1) Subject Matter Jurisdiction

17  Federal courts are courts of limited jurisdiction.  *Kokkonen v. Guardian Life Ins. Co. of*

18  *America*, 511 U.S. 375, 377 (1994).  They may only adjudicate cases involving a federal question,

19  diversity of citizenship, or where the United States is a party.  A federal court has jurisdiction to

20  determine whether it has subject matter jurisdiction.  *See United States v. United Mine Workers of*

21  *America*, 330 U.S. 258, 292 n.57 (1947).

22  A complaint must be dismissed if there is a "lack of jurisdiction over the subject matter."

23  Fed. R. Civ. P. 12(b)(1).  A jurisdictional challenge under Rule 12(b)(1) may be made either on the

24  face of the pleadings or by presenting extrinsic evidence disputing the truth of the allegations.

25  *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).  The plaintiff bears the

26  burden of demonstrating that subject matter jurisdiction exists over the complaint when challenged

27  under Rule 12(b)(1).  *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir.

28  2001) (per curiam), *overruled on other grounds by Hertz Corp. v. Friend*, --- U.S. ----, 130 S. Ct.

1181 (2010). "'A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect [can] be corrected by amendment.'" *Id*. (quoting *Smith v. McCullough*, 270 U.S. 456, 459 (1926)).

### 3.    Rule 12(b)(6) Failure to State a Claim

Dismissal under Rule 12(b)(6) is appropriate if the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *Twombly*, 550 U.S. at 555. Dismissal of a complaint can be based on either the lack of a cognizable legal theory or the lack of sufficient facts alleged under a cognizable legal theory. *Balistreri*, 901 F.2d at 699. In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). Although the court is generally confined to consideration of the allegations in the pleadings, when the complaint is accompanied by attached documents, such documents are deemed part of the complaint and may be considered in evaluating the merits of a Rule 12(b)(6) motion. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

## B.    Judicial Notice

Defendants request that the Court take judicial notice of various documents. Courts may take judicial notice of facts that are "either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). In summary, the Court (1) grants Defendants' request to take judicial notice of Exhibits 1, 6, 12 and 13; (2) denies Defendants' request to take judicial notice of Exhibits 2, 3, 4, 5, 7, 8, 9, and 10;[3] and (3) concludes that Exhibit 11 is incorporated into the complaint by reference.

---

[3]    The Court notes that its exclusion of documents that are not properly subject to judicial notice and that are outside the pleadings prevents conversion of this motion to dismiss to a motion for summary judgment under Rule 12(d).

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

**1.    Documents Judicially Noticed**

The Court grants Defendants' request to take judicial notice of Exhibits 1, 6, 12 and 13. Exhibit 1 comprises documents regarding the ownership of the property underlying this action at 10865 Pine Point Road, California.  *See* Defs.' RJN, Ex. 1 (grant deed, deed of trust, quitclaim deeds, notice of pendency of action in state court).  These property and court documents are capable of accurate and ready determination.  *See* Fed. R. Evid. 201(b).

Exhibit 6 is comprised of various codes and ordinances including Cal. Building Code § 105.1, Lake County Zoning Ordinance § 21-9.3, and Lake County Code Chapter 5 §§ 5-14.1 and 5-14.4.  These provisions are capable of accurate and ready determination.  *See* Fed. R. Evid. 201(b).

Defendants submitted Exhibits 12 and 13 in response to the Court's order requiring supplemental briefing on Defendants' contention that Defendant Coel is immune from liability under California Government Code Section 820.9.  Both Exhibit 12, a minute order of the Board of Supervisors, and Exhibit 13, publicly available documents concerning the Community Development Department, are capable of accurate and ready determination.

**2.    Denial of Judicial Notice**

The Court denies Defendants' request to take judicial notice of Exhibits 2, 3, 4, 8, and 9 as duplicative and/or unnecessary.  Exhibit 2 is a copy of the complaint and exhibits attached to the complaint.  It is unnecessary for the Court to take judicial notice of the pleadings, which the Court is required to examine in ruling on a motion to dismiss.  Exhibit 3 is the parties' stipulation to extend the filing of Defendants' response to the complaint.  It is unnecessary for the Court to take judicial notice of this filing.  Exhibit 4 is Article 70 § 21-70 of the Lake County Code regarding Reasonable Accommodation, which is already attached and incorporated into the complaint as Exhibit Z to the complaint.  Exhibit 8 is the September 2, 2009 Final Notice to Comply addressed to Plaintiffs, which is already attached and incorporated into the complaint as Exhibit E.1 to the complaint. Exhibit 9 is Defendant Brumfield's September 8, 2009 letter to Plaintiffs, which is already attached and incorporated into the complaint as Exhibit J to the complaint.

The Court also denies Defendants' request to take judicial notice of Exhibits 5, 7, and 10 because these documents are not generally known by the Court and are not capable of accurate and

**United States District Court**
For the Northern District of California

ready determination.  *See* Fed. R. Evid. 201(b).  Exhibit 5 consists of (1) Defendant Coel's

September 22, 2009 internal memorandum to the Board of Supervisors recommending denial of

Plaintiffs' fee waiver request; (2) a building inspection notice dated July 28, 2009; (3) various maps;

and (4) a September 22, 2009 internal memorandum from the County's Health Services Director to

the Board of Supervisors expressing the Director's opposition to Plaintiffs' request to waive

environmental health fees.  Exhibit 7 consists of Defendants' photographs "evidencing illegal

structures and property" at the site of the underlying property.  Exhibit 10 is an internal

memorandum dated November 6, 2009 from Defendants Coel and Brumfield to the Board of

Supervisors regarding the December 1, 2009 nuisance abatement hearing for Plaintiffs.  This internal

memorandum includes an investigative summary and recommendation for the Board of Supervisors.

These documents are not generally known by the Court and are not capable of accurate and

ready determination.  *See* Fed. R. Evid. 201(b).  In addition, Defendants' internal memoranda in

Exhibits 5 and 10 constitute hearsay whose reliability and accuracy have not been established.  The

Court also notes that Defendants simply attached several photographs in Exhibit 7 without providing

any foundation, authenticity, or dates for some of the photographs, which further demonstrates the

impropriety of taking judicial notice of these photographs.  These types of documents, which are

outside the pleadings and are not subject to judicial notice, are more properly presented at the

summary judgment stage if Defendants establish the documents' admissibility.

**3.      Incorporation into the Complaint**

Exhibit 11 is Defendant Coel's letter to Plaintiffs dated December 23, 2009, responding to

Plaintiffs' letter requesting reasonable accommodation which Plaintiffs attached to the complaint as

Exhibit I.  The Court concludes that Exhibit 11 is incorporated into the complaint by reference

where Plaintiffs specifically allege that Defendants failed to provide reasonable accommodation as

required by Article 70 § 21-70 of the Lake County Code, attach to the complaint their letter

requesting reasonable accommodation, and attach to the complaint Article 70 § 21-70 regarding

reasonable accommodation.  *See* Compl. ¶ 40, Exs. I & Z.

United States District Court
For the Northern District of California

**C.      Dismissal Under 28 U.S.C. § 1915(e)**

The complaint does not rise to the level of factual frivolousness to warrant dismissal under § 1915(e) because the facts alleged, while difficult to understand at times, are not clearly baseless, irrational, or wholly incredible.  Dismissal for legal frivolousness under § 1915(e) is proper only if the legal theory or factual contentions lack an arguable basis, which is not the case here.  *See Neitzke*, 490 U.S. at 324-28.  Therefore, the complaint is not frivolous to warrant dismissal under § 1915(e).

Defendants also argue that the complaint should be dismissed under § 1915(e) because it was brought without good faith and with malice, but provide little support for their argument besides stating that Plaintiffs are "disgruntled" and returned the underlying property back to the seller.  The Court concludes that the action is not malicious to warrant dismissal under § 1915(e).

**D.      Subject Matter Jurisdiction**

Defendants, without citing to any legal authority, argue that the complaint should be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) because Plaintiffs failed to comply with Local Rule 3.8.  This rule, which is based on 28 U.S.C. § 2403, requires parties to provide notice when the federal or state government, any agency, officer or employee is not a party to the action and the action challenges the constitutionality of a federal or state statute.  Defendants are incorrect.  First, the failure to provide notice to the federal or state government under 28 U.S.C. § 2403 does not affect whether the court has subject matter jurisdiction over an action.  *See, e.g.*, *Tonya K. by Diane K. v. Board of Educ. of City of Chicago*, 847 F.2d 1243, 1247 (7th Cir. 1988); *Wallach v. Lieberman*, 366 F.2d 254, 257-58 (2d Cir. 1966); *Kealey Pharmacy & Home Care Services, Inc. v. Walgreen Co.*, 761 F.2d 345, 350 n. 8 (7th Cir. 1985).  Second, Plaintiffs challenge Lake County's municipal Building Code, which is not a state "statute" under 28 U.S.C. § 2403 and therefore, notice is not required here.  *See International Paper Co. v. Inhabitants of Town of Jay, Me.*, 887 F.2d 338, 340-41 (1st Cir. 1989).  Therefore, Defendants' subject matter jurisdiction argument fails.

United States District Court
For the Northern District of California

**E.    Standing**

Defendants argue that the complaint should be dismissed for failure to state a claim upon which relief can be granted under Rule 12(b)(6) because Plaintiffs lack standing.  To establish Article III standing Plaintiffs must show the following elements: (1) injury in fact; (2) causation; and (3) redressability.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).  Defendants argue that Plaintiffs lack standing because neither Plaintiff currently owns the property that is the subject of this action and the remedies sought can only be pursued by the property owner.  Plaintiff Bezdenejnykh transferred his interest in the property to Plaintiff Alvarez on March 1, 2010, which occurred before this action was filed on March 12, 2010.  *See* Defs.' RJN, Ex. 1.  Plaintiff Alvarez then transferred the entire property back to the seller on March 22, 2010.  *See* Defs.' RJN, Ex. 1.  Plaintiffs conceded at the hearing that they returned the underlying property to the seller.  *See* Pls.' Opp. at 5.

 "Generally stated, federal standing requires an allegation of a present or immediate injury in fact, where the party requesting standing has 'alleged such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues.'" *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 804 (1985) (quoting *Baker v. Carr*, 369 U.S. 186, 204 (1962)).  Article III requires the plaintiff not only to allege a "'distinct and palpable injury to himself,'" but must also "maintain a 'personal stake' in the outcome of the litigation throughout its course." *Gollust v. Mendell*, 501 U.S. 115, 126 (1991).  Because Plaintiffs no longer have an ownership interest in the property, they lack standing to pursue the Third or Fifth Causes of Action which allege that Defendants violated a right to the "essential use of the land,"and violated Plaintiffs' rights as "land patent" owners.  To the extent that the Fourth Cause of Action claims that Defendants violated Plaintiffs' "rights inherent to the Chain of Deeds linking back to the issuance of our Land Grant and no third parties can convert, alter, change, or amend our Deed, or use by deceit, extortion, fear, and threats to amend any Deed, steal any Deed, or convert ownership to public or government use," Plaintiffs lack standing to pursue an inverse condemnation claim because, as they conceded at the hearing on the motion to dismiss, they returned the property to the seller and no longer own the property.  Compl. ¶ 60.  *See Williams v. Boeing Co.*, 517 F.3d 1120, 1127 (9th Cir.

2008) ("In addition to having standing at the outset, a plaintiff's stake in the litigation must continue throughout the proceedings, including on appeal.") (citing *Employers-Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Anchor Capital Advisors*, 498 F.3d 920, 923 (9th Cir. 2007)).  To the extent that the Fourth Cause of Action alleges that Defendants deprived Plaintiffs of their building materials by ordering removal or abatement of those materials, Compl. ¶¶ 3, 60, this claim is subsumed in the First Cause of Action alleging deprivation of property without due process of law, discussed below.  The Third, Fourth and Fifth Causes of Action are therefore dismissed for lack of standing, and on the alternative grounds of failure to state a claim as discussed in Section II.F, *infra*.

Furthermore, given that Plaintiffs no longer own the underlying property, Plaintiffs' requests for equitable relief regarding the underlying property (i.e., that the Court prohibit Defendants from taking their personal property, demolishing Plaintiffs' buildings, and engaging in enforcement activities) are moot.  Compl. ¶¶ 66-67 ("Sixth Cause of Action"), 73, 75.  The requested relief for a "cease and desist" order regarding the underlying property and the Sixth Cause of Action are **dismissed without prejudice**.  Paragraphs 66, 67, 73, and 75 are stricken from the complaint.

As to the First, Second and Seventh Causes of Action, however, under the liberal Rule 12(b)(6) pleading standard, Plaintiffs have alleged sufficient injury to establish standing on their claims for due process violations, Fair Housing Act violations and for intentional infliction of emotional distress.  *See Lujan v. Defenders of Wildlife*, 504 U.S. at 561  ("[a]t the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice" to demonstrate injury for standing); *Williams v. Boeing Co.*, 517 F.3d at 1127.  Plaintiffs allege that Defendants wrongfully required Plaintiffs to obtain a building permit then refused to issue a building permit to Plaintiffs and that the refusal to issue the building permit was motivated by racial animus.  Compl. ¶¶ 3, 7.  Plaintiffs allege that the relevant provision of California Uniform Building Codes adopted by the Lake County government is void for vagueness.  Compl. ¶¶ 38 - 44.  Plaintiffs further allege that Defendant Board of Supervisors issued an abatement order to remove Plaintiffs' storage building and about $40,000 of building materials.  Compl. ¶ 8, 26.  Plaintiffs also allege that Defendants discriminated against them on the basis of race, alleging racial animus, and on the basis of disability by denying a dwelling due to Plaintiffs' handicap in violation of the Fair Housing Act

**United States District Court**
For the Northern District of California

and the Fair Housing Amendments Act of 1988.  Compl. ¶ 52.  *See Budnick v. Town of Carefree*, 518 F.3d 1109, 1113 and n.5 (9th Cir. 2008) ("The FHAA forbids discrimination in the sale or rental of housing, which includes making unavailable or denying a dwelling to a buyer or renter 'because of a handicap of . . . a person residing in or intending to reside in that dwelling after it is sold, rented, or made available.'") (quoting 42 U.S.C. § 3604(f)(1)(B)).  These allegations of injury are sufficient to defeat the motion to dismiss the First, Second and Seventh Causes of Action on the ground of lack of standing.

Defendants contend that Plaintiffs lack standing to assert a claim for the loss of their personal property because they fail to show a sufficient causal connection between Defendants' removal order and Plaintiffs' decision to place "notices on bulletin boards advertising free lumber and building materials," Compl. ¶ 8, and to dispose of the materials rather than store them elsewhere.  See Defs.' Suppl. Br. at 3 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. at 560-61).  The Ninth Circuit has held, however, that direct, personal participation is not necessary to establish liability for a constitutional violation.  *See Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir.1978).  Rather, the critical question is whether the violation was reasonably foreseeable.  *Wong v. U.S.*, 373 F.3d 952, 966 (9th Cir. 2004).  Plaintiffs allege that Defendants acted intentionally to interfere with Plaintiffs' rights to build on their property.  Compl. ¶ 13, 14.  Construed in the light most favorable to Plaintiffs, the allegations of the complaint are sufficient to allege that Plaintiffs' loss was a reasonably foreseeable result of the abatement order requiring removal of Plaintiffs' personal property, satisfying the causation requirement for standing.

Because Defendants challenge the claims generally for failure to state a claim, as well as on standing grounds, the Court proceeds to address the elements of the cognizable claims.

**F.      Dismissal Under Rule 12(b)(6) for Failure to State a Claim**

**1.      Cognizable Claims**

As to the First Cause of Action, the allegations of due process violations, liberally construed, state a claim under 42 U.S.C. § 1983 for deprivation of property without due process and state a challenge to Section 106.1 of the Building Code as void for vagueness.  "To establish a § 1983 claim, a plaintiff must show that an individual acting under the color of state law deprived him of a

**United States District Court**
For the Northern District of California

1  right, privilege, or immunity protected by the United States Constitution or federal law." *Levine v.*

2  *City of Alameda*, 525 F.3d 903, 905 (9th Cir. 2008) (citing *Lopez v. Dept. of Health Servs.*, 939 F.2d

3  881, 883 (9th Cir.1991)). "To establish a due process violation, a plaintiff must show that he has a

4  protected property interest under the Due Process Clause and that he was deprived of the property

5  without receiving the process that he was constitutionally due." *Id.* (citing *Clements v. Airport*

6  *Authority of Washoe County*, 69 F.3d 321, 331 (9th Cir.1995)).

> Section 1983 provides, in pertinent part, that '(e)very person who, under
> color of any statute of any state . . ., subjects, or causes to be subjected,
> any citizen of the United States or other person within the jurisdiction
> thereof to the deprivation of any rights, privileges, or immunities secured
> by the Constitution and laws, shall be liable to the party injured . . . .' (42
> U.S.C. § 1983.)  A person 'subjects' another to the deprivation of a
> constitutional right, within the meaning of section 1983, if he does an
> affirmative act, participates in another's affirmative acts, or omits to
> perform an act which he is legally required to do that causes the
> deprivation of which complaint is made.  (*Sims v. Adams* (5th Cir. 1976)
> 537 F.2d 829.)  Moreover, personal participation is not the only predicate
> for section 1983 liability. Anyone who 'causes' any citizen to be subjected
> to a constitutional deprivation is also liable.  The requisite causal
> connection can be established not only by some kind of direct personal
> participation in the deprivation, but also by setting in motion a series of
> acts by others which the actor knows or reasonably should know would
> cause others to inflict the constitutional injury.

16  *Johnson,* 588 F.2d at 743 -744.  Construed in the light most favorable to Plaintiffs, the allegations

17  are sufficient to state a procedural due process claim based on Defendants wrongfully requiring, then

18  denying, a building permit and causing Plaintiffs' loss of personal property allegedly valued at

19  $40,000 in building materials and $42,000 in personal belongings.  Compl. ¶ 11.  With respect to

20  causation of Plaintiffs' alleged injuries, the "critical question is whether it was reasonably

21  foreseeable" that Defendants' actions would lead to Plaintiffs' loss of property.  *Wong v. U.S.*, 373

22  F.2d 952, 966 (9th Cir. 2004).

23        Plaintiffs' complaint sufficiently alleges a due process claim under Section 1983 against the

24  Board of Supervisors, but fails to identify what role, if any, the individual defendants Brumfield and

25  Coel had in the denial of the building permit and in the loss of Plaintiffs' property.  In their

26  opposition to the motion to dismiss (Doc. No. 30), Plaintiffs allege that Defendant Coel "ordered his

27  personnel to refuse payment for the final building permit being processed by the Plaintiff, an act that

28  constituted discrimination by reason of the interference of Defendants . . . and their wrongful and

1    unjustified refusal to grant the building permit being demanded by their own departments."  Opp. at

2    3.  Plaintiff may not raise new allegations in opposition to a motion to dismiss, but may amend the

3    complaint properly to allege constitutional violations by the individual defendants, including factual

4    allegations, if any, as to whether the individuals knew or reasonably should have known that

5    Plaintiffs would lose their personal property upon denial of the building permit.  *See Wong*, 373 F.3d

6    at 967.

7         The First Cause of Action states a separate claim for relief challenging Section 106.1 of the

8    Lake County Building Code as void for vagueness.  To survive a void for vagueness challenge, an

9    ordinance must "give the person of ordinary intelligence a reasonable opportunity to know what is

10   prohibited, so that he may act accordingly."  *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972).

11    "A law is void for vagueness if persons 'of common intelligence must necessarily guess at its

12   meaning and differ as to its application. . . .'  The offense to due process lies in both the nature and

13   consequences of vagueness."  *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 290 n.12

14   (1982) (quoting *Aladdin's Castle, Inc. v. City of Mesquite*, 630 F.2d 1029, 1037 (5th Cir. 1980))

15   (citations omitted).  The void for vagueness doctrine protects basic principles of due process.  "First,

16   vague laws do not give individuals fair notice of the conduct proscribed.  Second, vague laws do not

17   limit the exercise of discretion by law enforcement officials; thus they engender the possibility of

18   arbitrary and discriminatory enforcement.  Third, vague laws defeat the intrinsic promise of, and

19   frustrate the essence of, a constitutional regime.  We remain 'a government of laws, and not of

20   men,'only so long as our laws remain clear."  *Id.* (citations omitted).  Liberally construed, Plaintiffs'

21   allegations state a due process challenge to Section 106.1 of the Building Code as unconstitutionally

22   vague as applied to Plaintiffs.  *See U.S. v. Other Medicine,* 596 F.3d 677, 682 (9th Cir. 2010)

23   ("[V]agueness challenges to statutes that do not involve First Amendment violations must be

24   examined as applied to the defendant.") (citations omitted).

25        To the extent that the First Cause of Action purports to state a claim for violation of

26   Plaintiffs' right to jury trial under the Seventh Amendment, Compl. ¶¶ 17, 32-37, the Seventh

27   Amendment challenge is dismissed for failure to state a claim.  Plaintiffs allege that Defendant

28   Board improperly functioned as a court in denying the building permit and issuing a nuisance order,

1   that Plaintiffs were entitled to a jury trial because Defendants' decisions determined Plaintiffs' legal

2   rights, and that Defendants violated Plaintiffs' right to jury trial.  *Id.*  Plaintiffs also complain that

3   under state court procedures, there is no opportunity for them to present their issues before a jury in

4   state court, alleging further that county governments commonly bribe state judges to influence their

5   decisions.  Compl. ¶ 17.  The Ninth Circuit has recognized that the Seventh Amendment applies

6   only to proceedings in courts of the United States, and that the creation of administrative remedies

7   may eliminate rights that may have been available in the judicial forum.  *Jackson Water Works, Inc.*

8   *v. Public Utilities Com'n of State of Cal.,* 793 F.2d 1090, 1096 (9th Cir. 1986) (citing *Minneapolis &*

9   *St. Louis Railroad Co. v. Bombolis*, 241 U.S. 211, 217 (1916); *Atlas Roofing Co., Inc. v.*

10  *Occupational Safety and Health Review Commission*, 430 U.S. 442, 460 (1977)).  *See also City of*

11  *Monterey v. Del Monte Dunes at Monterey, Ltd.,* 526 U.S. 687, 719 (1999) ("It is settled law that the

12  Seventh Amendment does not apply" to suits brought in state courts) (citations omitted).  Plaintiffs'

13  Seventh Amendment claim, as liberally construed by the Court, is therefore **dismissed** for failure to

14  state a cognizable claim.

15          With respect to the Second Cause of Action, the allegations support a claim under the Fair

16  Housing Act and Fair Housing Amendments Act for race-based discrimination, alleging an anti-

17  Hispanic remark by a member of the Lake County Board of Supervisors.  Compl. ¶ 7.  *See Budnick*,

18  518 F.3d at 1113-14 (Title VII discrimination analysis is used to examine claims under the FHAA;

19  thus, a plaintiff may establish discrimination in violation of the FHAA under a theory of disparate

20  treatment or disparate impact).   To bring a disparate treatment claim, Plaintiffs must allege the

21  elements of a prima facie case: (1) Plaintiffs are members of a protected class; (2) Plaintiffs applied

22  for a building permit and were qualified to receive it; (3) the permit was denied despite Plaintiffs

23  being qualified; and (4) Defendants approved a building permit for a similarly situated party during

24  a period relatively near the time Plaintiffs were denied their permit.  *Gamble v. City of Escondido*,

25  104 F.3d 300, 305 (9th Cir. 1997).  Liberally construed, the complaint sufficiently alleges a claim of

26  disparate treatment based on race in violation of the Fair Housing Act.  Compl. ¶ 7 (alleging denial

27  of building permit based on anti-Hispanic motive and alleging that similarly situated owners in the

28

1    neighborhood have been issued building permits under similar circumstances regarding lack of a

2    public water system and availability of private water system).

3           The complaint does not, however, properly allege discrimination on the basis of disability

4    because it does not identify Plaintiffs' disability, to which Plaintiffs referred at the hearing.  Though

5    the complaint attaches a November 24, 2009, letter concerning Plaintiff Bezdenejnykh's disabling

6    condition, Compl. Ex. L, Plaintiffs must amend the complaint to allege their disabilities to support a

7    FHAA claim for disability discrimination. The complaint also fails to include factual allegations

8    about specific conduct by individual defendants Coel and Brumfield to support their Fair Housing

9    Act claims.  Plaintiffs may amend their complaint properly to allege a disability-based

10   discrimination claim under the FHAA and to include allegations, if any, of discriminatory conduct

11   by individual defendants.

12          The Seventh Cause of Action alleges a state law claim of intentional infliction of emotional

13   distress.  "A cause of action for intentional infliction of emotional distress exists when there is (1)

14   extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard

15   of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme

16   emotional distress; and (3) actual and proximate causation of the emotional distress by the

17   defendant's outrageous conduct."  *Hughes v. Pair*, 46 Cal.4th 1035, 1050 (2009) (quotations

18   omitted).  Liberally construed, the allegations of the complaint are sufficient to state a claim for

19   intentional infliction of emotional distress.  The Seventh Cause of Action for intentional infliction of

20   emotional distress is dismissed, however, on the ground of state law immunity, discussed in Section

21   II.H, below.

22          **2.      Dismissed Claims**

23          As discussed in Section II.E above, Plaintiffs lack standing to bring their Third through Sixth

24   Causes of Action which are dismissed with prejudice.  The Third, Fourth and Fifth Causes of Action

25   are dismissed on the alternative grounds that they fail to state a cognizable claim.

26          **a.      Third Cause of Action: "Essential Use of Land"**

27          Plaintiffs allege that Defendants violated Plaintiffs' right to the "essential use of land."

28   Compl. ¶¶ 55-58.  Even when liberally interpreting the pleadings given Plaintiffs' pro se status, the

**United States District Court**
For the Northern District of California

1    Court cannot discern a valid cause of action from Plaintiffs' allegations.  Plaintiffs therefore fail to

2    state a claim upon which relief can be granted.  To the extent that Plaintiffs challenge Defendants'

3    abatement of the nuisance, this is subsumed within the First Cause of Action.  In addition, Plaintiffs

4    allege the following:  "We own the property . . . .  We have complete and absolute dominion in our

5    property; which is the union of the title and the exclusive use of it."  Compl. ¶ 55.  To the extent that

6    this cause of action is based on Plaintiffs' current ownership of the underlying property, it is also

7    properly dismissed because Plaintiffs concede that they no longer own the underlying property.  *See*

8    Defs.' RJN, Ex. 1; Pls.' Opp. at 5.  The Third Cause of Action is therefore **dismissed without**

9    **prejudice**.

10                     **b.      Fourth Cause of Action: "Taking Private Property Without Just**

11                              **Compensation"**

12           Plaintiffs' Fourth Cause of Action is entitled "taking private property without just

13   compensation."  *See* Compl. ¶¶ 59-61.  Plaintiffs allege that "[t]he county is forbidden to order us to

14   repair, remodel, or demolish our own property according to the dictates of any city or county agent."

15   Compl. ¶ 60.  The Court construes this cause of action as an inverse condemnation claim under the

16   Fifth Amendment and concludes that Plaintiffs have failed to adequately plead an inverse

17   condemnation claim.  *See* Defs.' Mot. at 10-13.

18           The Fifth Amendment provides in relevant part that "private property [shall not] be taken for

19   public use, without just compensation." As the Supreme Court has frequently noted, "this provision

20   does not prohibit the taking of private property, but instead places a condition on the exercise of that

21   power."  *First English Evangelical Lutheran Church of Glendale v. County of Los Angeles*, 82 U.S.

22   304, 314 (1987) (citations omitted).  An as-applied takings claim is not ripe until the property owner

23   has received a "final decision" from the appropriate regulatory entity as to how the challenged law

24   will be applied to the property at issue and further attempted to obtain just compensation for the loss

25   of his or her property through the procedures provided by the state for obtaining such compensation

26   and been denied.  *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson*

27   *City*, 473 U.S. 172, 192-95 (1985).  Although there is no requirement that a plaintiff exhaust

28   administrative remedies before bringing a § 1983 action, *Patsy v. Florida Board of Regents*, 457

1   U.S. 496 (1982), a takings claim brought under § 1983 is not ripe until that landowner has pursued

2   compensation through state remedies unless doing so would be futile.  *Hacienda Valley Mobile*

3   *Estates v. City of Morgan Hill*, 353 F.3d 651, 655 (9th Cir. 2003) (citing *Williamson County*, 473

4   U.S. at 194-95).

5          Even when viewing the facts in the light most favorable to Plaintiffs, Plaintiffs have failed to

6   plead an inverse condemnation claim because they do not allege that they availed themselves of all

7   the available administrative procedures for just compensation.  *Williamson County*, 473 U.S. at 194-

8   95.  Therefore, Plaintiffs fail to state a claim upon which relief can be granted and the Fourth Cause

9   of Action is **dismissed without prejudice**.

10                    **c.     Fifth Cause of Action: "Land Patent Law"**

11          Plaintiffs allege that Defendants violated Plaintiffs' rights as "land patent" owners of the

12   underlying property.  Compl. ¶¶ 63-65.  Even when liberally interpreting the pleadings given

13   Plaintiffs' pro se status, the Court cannot discern a valid cause of action from Plaintiffs' allegations.

14   Plaintiffs therefore fail to state a claim upon which relief can be granted.  In addition, Plaintiffs

15   allege the following:  "I am the exclusive holder of the patent to the land and home, which is the

16   subject of this complaint, and thereby have exclusive ownership, right, title, estate and interest in the

17   land and home, which is the subject of this complaint."  Compl. ¶ 64.  To the extent that this cause

18   of action is based on Plaintiffs' current ownership of the underlying property, it is also properly

19   dismissed because Plaintiffs concede that they no longer own the underlying property.  *See* Defs.'

20   RJN, Ex. 1; Pls.' Opp. at 5.  The Fifth Cause of Action is **dismissed without prejudice**.

21   **G.     Exhaustion - Reasonable Accommodation Regarding Permit Fees**

22          Defendants contend that the complaint should be dismissed because Plaintiffs failed to

23   exhaust their administrative remedies.  *See Ritza v. International Longshoremen's and*

24   *Warehousemen's Union*, 837 F.2d 365, 368-69 (9th Cir. 1988) (failure to exhaust nonjudicial

25   remedies is properly raised as an unenumerated 12(b) motion).  Defendants argue that Plaintiffs

26   failed to exhaust because they did not properly submit a request for reasonable accommodation to

27   waive the permit fees as required by the County.  Defs.' Mot. at 7.  After a proper request is

28   submitted, the County makes a decision on the request and the party may also use the appeals

United States District Court
For the Northern District of California

1    process to challenge the decision.  *See* Compl., Ex. Z (Article 70 § 21-70 of the Lake County Code

2    regarding Reasonable Accommodation); Defs.' RJN, Ex. 11; *see also* Defs.' Mot. at 7.

3           The Court finds that Plaintiffs failed to exhaust their administrative remedies for reasonable

4    accommodation to waive the County's permit fees because Plaintiffs did not follow the County's

5    requirements for requesting reasonable accommodation under Article 70 § 21-70 of the Lake County

6    Code, and because Defendants provided Plaintiffs with notice of the deficiency in their request.  *See*

7    Compl., Exs. I (Plaintiffs' letter requesting reasonable accommodation) & Z (Article 70 § 21-70);

8    Defs.' RJN, Ex. 11 (Defendant Coel's letter dated Dec. 23, 2009).  Because Plaintiffs failed to

9    pursue the available administrative remedies, the Court **dismisses** without prejudice Plaintiffs' claim

10   for waiver of permit fees and the Fourth Cause of Action for taking without just compensation.

11   *Williamson County*, 473 U.S. at 192-95.

12          Defendants are incorrect in arguing that the failure to exhaust remedies for seeking

13   reasonable accommodation justifies dismissing the *entire* complaint.  Although the failure to exhaust

14   administrative remedies regarding Plaintiffs' request for permit fee waiver bars Plaintiffs' due

15   process claim for just compensation on those grounds, Plaintiffs are not barred from bringing a claim

16   under the Fair Housing Act for a discriminatory housing practice.  *Gladstone, Realtors v. Village of*

17   *Bellwood*, 441 U.S. 91, 103-04 (1979).  As the Supreme Court has recognized,

18          § 810 [of the Fair Housing Act, 42 U.S.C. § 3610] is not structured to keep
             complaints brought under it from reaching the federal courts, or even to
19          assure that the administrative process runs its full course. Section 810(d)
             appears to give a complainant the right to commence an action in federal
20          court whether or not the Secretary of HUD completes or chooses to pursue
             conciliation efforts.  Thus, a complainant under § 810 may resort to federal
21          court merely because he is dissatisfied with the results or delays of the
             conciliatory efforts of HUD.  The most plausible inference to be drawn from
22          Title VIII is that Congress intended to provide all victims of Title VIII
             violations two alternative mechanisms by which to seek redress: immediate
23          suit in federal district court, or a simple, inexpensive, informal conciliation
             procedure, to be followed by litigation should conciliation efforts fail.

24

25   *Id*. (footnotes omitted).  Thus, the Fair Housing Act does not state an exhaustion requirement for

26   filing an action in federal court: "An aggrieved person may commence a civil action under this

27   subsection *whether or not* a complaint has been filed under section 3610(a) of this title and without

28   regard to the status of any such complaint."  42 U.S.C.A. § 3613(a)(2) (emphasis added).  *See*

1    *Milsap v. Cornerstone Residential Management*, 2010 WL 427436 at *3 (S.D.Fla. Feb. 1, 2010)

2    ("The clear import of the above-referenced statutory language indicates a complainant may file a

3    complaint and exhaust administrative remedies or, alternatively, commence a civil action.").

4    **H.**    **Immunity**

5       Defendants argue that the complaint should be dismissed under Rule 12(b)(6) because they

6    are entitled to various federal and state law immunities. The Court holds that at the present stage of

7    litigation Defendants are not entitled to immunity under federal law but are entitled to state law

8    immunity against the state law claim for intentional infliction of emotional distress.

9       **1.**    **Federal Immunities**

10       **a.**    **Absolute Judicial Immunity**

11       Defendants contend that they are entitled to absolute immunity for administrative officers

12    performing quasi-judicial acts. Defendants argue that because the conduct challenged by Plaintiffs

13    was "performed by quasi-judicial decision makers," all Defendants are entitled to this absolute

14    immunity. Defendants appear to argue that Defendant Brumfield was the quasi-judicial decision

15    maker. The Court holds that absolute judicial immunity does not extend to Defendant Brumfield's

16    determination, as Lake County's Code Enforcement Manager, of a nuisance.

17       Absolute immunity for judicial and quasi-judicial acts require that the protected conduct "is

18    'functionally comparable' to that of a judge." *Butz v. Economou*, 438 U.S. 478, 513 (1978). In

19    holding that hearing examiners are entitled to absolute immunity, the Supreme Court reasoned that

20    "the role of the modern federal hearing examiner or administrative law judge [("ALJ")] within this

21    framework is 'functionally comparable' to that of a judge." *Id*. (characteristics of the judicial

22    process rendering an ALJ's role "functionally comparable" to a judge include an adversarial

23    proceeding, a decision-maker insulated from political influence, a decision based on evidence

24    submitted by the parties, and a decision provided to the parties on all of the issues of fact and law).

25    In *Buckles v. King County*, 191 F.3d 1127, 1134 (9th Cir. 1999), the Ninth Circuit held that the

26    three-member regional board created by Washington state law to preside over and rule on petitions

27    challenging a local government entity's compliance with a state law was a quasi-judicial body

28    entitled to absolute immunity. *Id*. ("The Board adjudicates land use disputes and functions as a

United States District Court
For the Northern District of California

1    quasi-judicial body; its proceedings reflect the same characteristics of the judicial process identified

2    as sufficient in *Butz*.").  Unlike the ALJ in *Butz* or the Board in *Buckles*, Defendant Brumfield's

3    conduct is not functionally comparable to a judge and the nuisance determination process is not

4    judicial or quasi-judicial.  Defendants simply state that Defendant Brumfield performed her duties

5    under an appointed official and that "the acts complained or were performed by quasi-judicial

6    decision makers."  Defs.' Mot. at 8-9.  Defendants do not address how Defendant Brumfield's

7    conduct is quasi-judicial or argue that the nuisance determination process shares any of the

8    characteristics of the judicial process, such as those identified by the Supreme Court in *Butz*.

9    Therefore, Defendant Brumfield is not entitled to absolute immunity.

10                        **b.      Qualified Immunity**

11               Alternatively, Defendants also contend that they are entitled to qualified immunity as public

12   officials who are vested with important discretionary responsibilities.  Besides providing the general

13   legal standard and making a conclusory statement that they are entitled to qualified immunity,

14   Defendants provide no argument or analysis in support of qualified immunity.  They do not identify

15   which Defendants are entitled to qualified immunity, what conduct by whom is at issue, why the

16   conduct did not violate any constitutional right, or whether any constitutional right was clearly

17   established.  The Court therefore denies Defendants' defense of qualified immunity.  If the qualified

18   immunity argument is more fully developed, Defendants may raise this defense on summary

19   judgment.

20               **2.      State Immunities**

21               Defendants also argue that the complaint should be dismissed under Rule 12(b)(6) because

22   they are entitled to various immunities under state law.[4]  The immunities provided under state law

23   shield Defendants from Plaintiffs' state law claims, but do not provide immunity against the claims

24   arising under federal law.

25

26

27         [4]     Defendants' motion includes a section entitled "Police Power Immunity," which addresses
     Plaintiffs' cause of action entitled "taking private property without just compensation," Compl. ¶¶ 59-
28   61, but does not actually address immunity.  Defs.' Mot. at 10-13.  This cause of action is addressed in
     Section II.F.2 above.

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### a.   Immunity for Individual Defendants

Under California Government Code Section 820.2, public employees are immune from conduct resulting from the exercise of discretion.  Section 820.2 provides that "[e]xcept as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused."  While Section 820.2 is broadly phrased and could conceivably apply to most actions taken by public employees, California courts have limited Section 820.2 immunity to "planning level judgments," such as basic policy decisions.  *McQuirk v. Donnelley*, 189 F.3d 793, 798-800 (9th Cir. 1999) (citing *Johnson v. California*, 69 Cal. 2d 782 (1968); *Caldwell v. Montoya*, 10 Cal. 4th 972 (1995)).  Operational level judgments, such as subsequent acts taken to implement policies, are not entitled to Section 820.2 immunity.  *Id*. at 799.  For example, "low level decisions [by staff] that d[o] not concern the way in which the [public entity] conduct[s] its business" are operational acts that are not entitled to Section 820.2 immunity.  *Id*. at 800.

California courts have held that individuals such as Defendants Coel and Brumfield are entitled to Section 820.2 immunity in analogous situations.  *See Ogborn v. City of Lancaster*, 101 Cal. App. 4th 448, 460-61 (2002).  In *Ogborn*, the court held that the Director of the Department of Community Development who administered the City's nuisance abatement program was entitled to Section 820.2 immunity.  *Id*.  The director "conducted the initial hearing at which [the underlying] property was declared a public nuisance, and he sent a letter to [the property owner] to that effect."  *Id*. at 461.  The court held, however, that a public employee who "actively participated in the implementation of the nuisance abatement program" would not be entitled to Section 820.2 immunity because his or her actions would constitute operational conduct that is not covered by Section 820.2.  *Id*.

Here, Defendant Brumfield is the Manager of the County's Code Enforcement Division and Defendant Coel is the Director of the County's Community Development Department.  *See* Compl. ¶ 29 & Ex. J; Defs.' RJN, Ex. 11.  Plaintiffs do not allege that either Defendant "actively participated in the implementation of the nuisance abatement program."  *See Ogborn*, 101 Cal. App. 4th at 461.  The complaint only refers to either Defendant in passing and does not actually identify

1    any specific conduct by either Defendant.  *See* Compl. ¶ 29 & Ex. J.  A letter from Defendant

2    Brumfield dated September 8, 2009 to Plaintiffs is attached as Exhibit J to the complaint.  This letter

3    indicates that Defendant Brumfield reviewed the County's file regarding the underlying property

4    and states that the "file shows significant violations" that warranted the posting of a Notice of

5    Nuisance.  Compl., Ex. J.  Defendant Coel is referenced in two documents:  (1) Plaintiffs' August

6    12, 2009 letter to Defendant Coel and three other County employees; and (2) Defendant Coel's

7    December 23, 2009 letter to Plaintiffs.  Compl., Ex. Y; Defs.' RJN, Ex. 11.  Even when read in the

8    light most favorable to Plaintiffs, the Court concludes that the complaint and the attached letters do

9    not identify any specific conduct or active participation by Defendants Brumfield or Coel in the

10   implementation of the abatement process.  The complaint presently alleges only state law claims

11   against Defendants Brumfield and Coel.  The Court therefore holds that Defendants Brumfield and

12   Coel are entitled to immunity under Section 820.2.

13        Alternatively, Coel and Defendant Board of Supervisors are immune under California

14   Government Code Section 820.9.  Section 820.9 states in relevant part as follows:

15        Members of city councils, mayors, members of boards of supervisors, members of
          school boards, members of governing boards of other local public entities,
16        members of locally appointed boards and commissions, and members of locally
          appointed or elected advisory bodies are not vicariously liable for injuries caused
17        by the act or omission of the public entity or advisory body. Nothing in this section
          exonerates an official from liability for injury caused by that individual's own
18        wrongful conduct. Nothing in this section affects the immunity of any other public
          official.

19

20   Defendants have established that Defendant Coel is appointed and that the Community Development

21   Department is an advisory body that reports to the Board of Supervisors.  Defs.' Suppl. Br. at 5

22   (Doc. No. 40) and Suppl. RJN Exs. 12 & 13 (Doc. No. 41).  With respect to Defendant Coel, as

23   Director of the Lake County Community Development Department, the California Tort Claims Act

24   provides immunity to members of locally appointed boards and commissions and members of

25   locally appointed or elected advisory bodies for injuries caused by public entities.  Here, Plaintiffs

26   allege vicarious liability, rather than any wrongful conduct specific to Defendant Coel.[5]

27   ────────────────

28        [5]    Though Plaintiffs refer to specific conduct by Defendant Coel in their opposition, Pls.'
     Opp. at 3 (Doc. No. 30), this is insufficient to avoid Defendant Coel's immunity because the Court may
     not consider new factual allegations raised for the first time in a party's briefing.

1    Accordingly, Plaintiffs' allegations do not state a claim for relief under California law as to

2    Defendant Coel and Plaintiffs' intentional infliction of emotional distress claims against Defendant

3    Coel are **dismissed**.

4        Section 820.9 does not, however, provide immunity to Defendant Board of Supervisors or

5    Defendant County.  On its face, Section 820.9 provides immunity under state law to individual

6    public employees, not the public entity.

7        Furthermore, the immunities provided under state law do not define the scope of immunity

8    for public employees from claims brought under federal law.  *Howlett v. Rose*, 496 U.S. 356, 375-77

9    (1990).  *See also Buckheit v. Dennis*, --- F.Supp.2d ----, 2010 WL 1998767 at *8-9 (N.D.Cal., May

10    18, 2010).  Plaintiffs may, therefore, amend their complaint to include factual allegations, if any,

11    concerning conduct by the individual defendants Brumfield and/or Coel in support of their claims

12    under Section 1983 or the Fair Housing Act and Fair Housing Amendments Act.  See *Sosa v.*

13    *Hiraoka*, 920 F.2d 1451, 1460-61 (9th Cir. 1990).  The Court does not decide here whether any

14    Defendants would be immune from liability under federal law against any amended claims alleged

15    against the individual defendants.

16        Accordingly, Plaintiffs' allegations do not state a claim for relief under California law as to

17    Defendants Brumfield and Coel, and Plaintiffs' intentional infliction of emotional distress claims as

18    to those Defendants are **dismissed**.

19             **b.**       **Immunity for Public Entity Defendants**

20        State law provides immunity for the Board of Supervisors against liability for the conduct

21    alleged in support of Plaintiffs' claim for intentional infliction of emotional distress: the denial of a

22    building permit and the issuance of a nuisance abatement order.

23        Under California Government Code Section 818.4, public entities are immune for injuries

24    caused by the issuance, denial, suspension, or revocation of any permit, license, certificate, approval,

25    or order.  Section 818.4 provides the following:

26            A public entity is not liable for an injury caused by the issuance,
              suspension or revocation of, or by the failure or refusal to issue, deny, suspend or

27            revoke, any permit, license, certificate, approval, order, or similar authorization
              where the public entity or an employee of the public entity is authorized by

28            enactment to determine whether or not such authorization should be issued,
              denied, suspended or revoked.

**United States District Court**
For the Northern District of California

1   Section 821.2 provides the same immunity for public employees.  Cal. Gov. Code § 821.2.

2       Immunity under Sections 818.4 and 821.2 is limited to discretionary activities and the

3   decision to issue a building permit is discretionary.  *See Kay v. City of Rancho Palos Verdes*, 504

4   F.3d 803, 810 (9th Cir. 2007) (quoting *Richards v. Dep't of Alcoholic Beverages Control*, 139 Cal.

5   App. 4th 304, 318 (2006)); *Thompson v. City of Lake Elsinore*, 18 Cal. App. 4th 49, 57-58 (1993).

6   California courts have held that public employees, such as building inspectors, and public entities

7   are entitled to immunity from liability under Sections 818.4 and 821.2 for the denial of a building

8   permit.  *See Burns v. City Council*, 31 Cal. App. 3d 999, 1003-1005 (1973) (building inspector

9   entitled to immunity for denial of a building permit).  To the extent that Plaintiffs' state law claims

10  are based on the denial of a building permit, Defendants County and Board are entitled to immunity

11  under Section 818.4 and Defendants Brumfield and Coel are further entitled to immunity under

12  Section 821.2 against claims arising from the denial of a building permit.

13       Defendants are also immune from liability under state law against claims arising from the

14  issuance of the nuisance abatement order.  Defendants contend that under California Government

15  Code Section 818.2, public entities are immune for injuries caused by "adopting or failing to adopt

16  an enactment or by failing to enforce any law," and Section 821 provides the same immunity for

17  public employees.  *See* Defs.' Mot. at 15-17.  The immunity provision under state law that is more

18  directly applicable to the nuisance abatement at issue here is Section 821.6 which provides that

19  public employees are "not liable for injury caused by his instituting or prosecuting any judicial or

20  administrative proceeding within the scope of his employment, even if he acts maliciously and

21  without probable cause."  Cal. Gov't Code § 821.6.  This section shields Defendants Brumfield and

22  Coel from liability arising from instituting and prosecuting the nuisance proceedings against

23  Plaintiffs.  *Ogborn*, 101 Cal. App. 4th at 462-63.  Furthermore, Section 815.2(b) provides that "a

24  public entity is not liable for an injury resulting from an act or omission of an employee of the public

25  entity where the employee is immune from liability."  Cal. Gov't Code § 815.2.  Because

26  Defendants Brumfield and Coel are immune from liability for instituting the nuisance proceedings,

27  Section 815.2 shields the public entity Defendants County and Board from liability.  *Ogborn*, 101

28  Cal. App. 4th at 464.  These provisions provide immunity to Defendants County and Board, as well

1 | as the individual Defendants Brumfield and Coel, from any claims for injuries resulting from

2 | enforcing nuisance abatement laws.

3 | Defendants further state, without analysis, that "[o]ther immunity provisions (or defenses)"

4 | apply in this action, citing Sections 3491, 3494, and 3502 of the California Civil Code.  Defs.' Mot.

5 | at 18.  Though these provisions address the abatement of a nuisance, none of them provide for

6 | immunity for abatement as Defendants argue.

7 | Because state law shields Defendants Lake County, Lake County Board of Supervisors,

8 | Brumfield and Coel from liability from state law claims arising from the denial of the building

9 | permit and the issuance of the nuisance abatement order, Plaintiffs' state law claim of intentional

10 | infliction of emotional distress stated in the Seventh Cause of Action is **dismissed**.

11 | **c.     Cal. Government Code Section 818: Punitive or Exemplary Damages**

12 | Under California Government Code Section 818, "a public entity is not liable for damages

13 | awarded under Section 3294 of the Civil Code or other damages imposed primarily for the sake of

14 | example and by way of punishing the defendant."  Defendants argue that Section 818 shields the

15 | public entity Defendants, the County and Board of Supervisors, from punitive damages for state law

16 | claims.  Defs.' Mot. at 10.  Because the Court dismisses the only cognizable state law claim, namely,

17 | intentional infliction of emotional distress, this argument is rendered moot.

18 | **I.     Rule 12(e) Motion for a More Definite Statement**

19 | Alternatively, Defendants move for a more definite statement under Rule 12(e) because the

20 | complaint is so vague or ambiguous that Defendants cannot reasonably prepare a response.  Because

21 | the Court has narrowed the claims and dismissed those which fail to state a claim upon which relief

22 | can be granted, the Court denies Defendants' alternative request for a more definite statement.

23 |

24 | **III.  CONCLUSION**

25 | The Court **grants in part and denies in part** Defendants' motion to dismiss.  In summary,

26 | the Court holds the following:

27 | A.     <u>Judicial Notice</u>:  The Court grants in part and denies in part Defendants' request for

28 | judicial notice.  The Court (1) grants Defendants' request to take judicial notice of

1   Exhibits 1, 6, 12 and 13; (2) denies Defendants' request to take judicial notice of

2   Exhibits 2, 3, 4, 5, 7, 8, 9, and 10; and (3) concludes that Exhibit 11 is incorporated

3   into the complaint by reference.

4   B.   <u>IFP Dismissal</u>:  The complaint does not rise to the level of factual or legal

5   frivolousness and is not malicious to warrant dismissal under 28 U.S.C. § 1915(e) for

6   actions brought *in forma pauperis*.

7   C.   <u>Subject Matter Jurisdiction</u>:  The Court denies Defendants' argument that the

8   complaint should be dismissed for lack of subject matter jurisdiction because

9   providing notice under Local Rule 3.8 does not affect jurisdiction and notice is not

10   required in this action under Local Rule 3.8.

11   D.   <u>Standing</u>:  Plaintiffs lack standing to bring their Third, Fourth and Fifth Causes of

12   Action.  Plaintiffs' request for relief for a "cease and desist" order and the Sixth

13   Cause of Action are moot and therefore **dismissed without prejudice**.  Plaintiffs

14   have standing to bring their due process claims for deprivation of property and void

15   for vagueness challenge to the Building Code provision stated in the First Cause of

16   Action, the race-based discrimination claim under the Fair Housing Act stated in the

17   Second Cause of Action, and the state law claim for intentional infliction of

18   emotional distress in the Seventh Cause of action.

19   E.   <u>Other 12(b)(6) Grounds</u>:  Plaintiffs state cognizable claims in the First, Second and

20   Seventh Causes of Action.  The Fourth Cause of Action for "[t]aking private property

21   without just compensation"  is construed as an inverse condemnation claim and is

22   **dismissed without prejudice** for failure to state a claim upon which relief can be

23   granted.  The Third Cause of Action for "violation of our right to the essential use of

24   land" and the Fifth Cause of Action for "[v]iolation of our rights under land patent

25   law" are **dismissed without prejudice** for failure to state a claim upon which relief

26   can be granted where the Court cannot discern a valid cause of action from Plaintiffs'

27   allegations.

28

United States District Court
For the Northern District of California

F.      Exhaustion:  The Court finds that Plaintiffs failed to exhaust their administrative remedies for reasonable accommodation to waive the County's permit fees because Plaintiffs did not follow the requirements for requesting reasonable accommodation. The allegations regarding failure to provide reasonable accommodation in waiver of permit fees may not, therefore, support Plaintiffs' due process claim.  The failure to exhaust does not, however, bar a claim brought under the Fair Housing Act or Fair Housing Amendments Act.

G.      Immunities:  Because Defendants are entitled to immunity under state law, the Court **dismisses without prejudice** Plaintiffs' intentional infliction of emotional distress claim against all Defendants.  At this juncture, the Court does not find that Defendants are entitled to immunity under federal law.

H.      More Definite Statement:  Because the Court has narrowed the claims and dismissed those which fail to state a claim upon which relief can be granted, the Court denies Defendants' alternative request for a more definite statement.

Three causes of action remain and will proceed forward: a claim under Section 1983 for deprivation of personal property in violation of due process as stated in the First Cause of Action; a separate due process claim, also stated in the First Cause of Action, raising a void for vagueness challenge to Section 106.1 of the Uniform Building Code; and a claim of racial discrimination in violation of the Fair Housing Act as stated in Second Cause of Action.  Plaintiffs are granted leave to amend their claims for due process violations and Fair Housing Act violations against Defendants Brumfield and Coel; as currently alleged, only Defendants Lake County Board of Supervisors and Lake County remain liable for those claims.  Plaintiffs are also granted leave to amend the complaint to allege discrimination based on disability in violation of the Fair Housing Amendments Act.

Plaintiffs are ordered to file an amended complaint removing from the original complaint the following:  (1) the Third, Fourth, Fifth, Sixth, and Seventh Causes of Action; and (2) paragraphs 73 and 75.  Plaintiffs must file an amended complaint by October 22, 2010.  Defendants must file an answer or otherwise respond to the amended complaint thirty-five (35) days after Plaintiffs file the amended complaint.  After the parties have filed an amended complaint and responsive pleading, the

Court will set a briefing schedule and hearing date to address the remaining claims on a motion for summary judgment or other dispositive motion.

**IT IS SO ORDERED.**

Dated:  September 13, 2010

_____

NANDOR J. VADAS
United States Magistrate Judge