**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| FLORIDALMA ALVAREZ,<br><br>Plaintiff,<br><br>v.<br><br>LAKE COUNTY BOARD OF SUPERVISORS, et al.,<br><br>Defendants. | No. CV 10-1071 NJV<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT**<br><br>(Docket No. 60) |

This is an action based on the denial of a building permit to Plaintiff Floridalma Alvarez and an order directing Plaintiff to abate the nuisance by Defendants Lake County Board of Supervisors, Lake County, Lake County Code Enforcement Manager (i.e., Manager of the County's Code Enforcement Division) Voris Brumfield in her individual and official capacity, and Director of Lake County Community Development Department Richard Coel in his individual and official capacity. The parties have consented to the jurisdiction of this Court as required by 28 U.S.C. § 636(c). After the Court granted in part and denied in part Defendants' motion to dismiss the original complaint, Plaintiff filed an Amended Complaint ("AC"). Doc. No. 58. Defendants now move to dismiss the AC. Doc. No. 60. Plaintiff has filed her opposition and Defendants have filed their reply. Doc. Nos. 69 & 72. Having considered the arguments of the parties and the papers submitted, and for good cause shown, the Court **grants in part and denies in part** Defendants' motion to dismiss.

## I. BACKGROUND

Plaintiff owned, but no longer currently owns, property located at 10865 Pine Point Road in Cobb, California. AC ¶ 6; Defs.' Request for Judicial Notice ("RJN"), Ex. A (Doc. No. 61). This action is based on Defendant Lake County Board of Supervisors' denial of Plaintiff's building permit to build a home on her property and the Board's order to abate the nuisance requiring Plaintiff to remove personal property and a storage facility on this property. On September 3, 2010, Plaintiff Alvarez filed a notice that Plaintiff Bezdenejnykh had withdrawn from the lawsuit. Doc. No. 46.

On September 13, 2010, the Court granted in part and denied in part Defendants' motion to dismiss the original complaint. Doc. No. 49. Three causes of action were permitted to go forward: (1) a due process claim under 42 U.S.C. § 1983 for deprivation of property; (2) a separate due process claim raising a void for vagueness challenge to Section 106.1 of the Uniform Building Code; and (3) a claim of racial discrimination in violation of the Fair Housing Act, 42 U.S.C. § 3604. All other claims were dismissed. Plaintiff was granted leave to amend her claims for due process violations and Fair Housing Act violations against individual Defendants Brumfield and Coel, and disability discrimination in violation of the Fair Housing Amendments Act. This leave to amend, however, required Plaintiff to correct the deficiencies in the original complaint. In addition, Plaintiff was ordered to file an amended complaint removing from the original complaint the following: (1) the third cause of action for "essential use of land"; (2) the fourth cause of action for taking private property; (3) the fifth cause of action for "land patent law"; (4) the sixth cause of action for a cease and desist order and paragraphs 73 and 75 regarding the same; (5) the seventh cause of action for intentional infliction of emotional distress; and (6) claims based on Plaintiff's Seventh Amendment right to a jury trial. Plaintiff only partially complied with the Court's order.

Plaintiff filed her Amended Complaint on October 22, 2010, raising the following claims: (1) a due process claim for deprivation of property; (2) a due process claim that Section 106.1 of the Uniform Building Code is void for vagueness; (3) a violation of the federal Fair Housing Act, 42 U.S.C. § 3604, for racial discrimination; (4) violations of due process and the Fair Housing Act; (5) disability discrimination in violation of the Fair Housing Amendments Act; and (6) intentional

infliction of emotional distress. The AC also includes several allegations regarding the "essential use of land," Plaintiff's Seventh Amendment right to a jury trial, and "land patent" rights.

On October 18, 2010, Plaintiffs filed a notice of voluntary dismissal with prejudice of Plaintiff Bezdenejnykh. Doc. No. 57. The AC does not name Mr. Bezdenejnykh as a plaintiff or seek relief on his behalf. On November 16, 2010, the Court dismissed Mr. Bezdenejnykh with prejudice. Doc. No. 63.

Defendants now move to dismiss all causes of action in the AC except the second cause of action challenging Uniform Building Code § 106.1 as void for vagueness. Defendants also move to strike all allegations in the AC regarding the "essential use of land," Plaintiff's Seventh Amendment right to a jury trial, and the request for exemplary and punitive damages. In their reply, Defendants argue that Plaintiff did not conform to the local rules and requirements for an opposition. Due to this failure, Defendants argue that Plaintiff has waived her objections to the motion to dismiss. The Court previously rejected this argument on Defendants' motion to dismiss the original complaint and denies it again here for the same reasons. Plaintiff is proceeding pro se and courts generally interpret pro se pleadings and briefs liberally. *See, e.g., Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). However inartfully drafted, the Court is able to understand and infer Plaintiff's arguments in opposition to Defendants' motion to dismiss.

Pursuant to the parties' stipulation, the hearing on Defendants' motion to dismiss was continued and the Court heard argument on Defendants' motion on February 22, 2011. Doc. No. 65.

## II. DISCUSSION

### A. Legal Standards

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8 "does not require 'detailed factual allegations,'" a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

3

1  In ruling on a motion to dismiss, courts may consider only "the complaint, materials
2 incorporated into the complaint by reference, and matters of which the court may take judicial
3 notice." *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).
4 When matters outside the pleadings are presented on a Rule 12(b)(6) motion and are not excluded by
5 the court, the court must convert the Rule 12(b)(6) motion to a Rule 56 summary judgment motion.
6 Fed. R. Civ. P. 12(d).

7  Dismissal under Rule 12(b)(6) is appropriate if the complaint does not give the defendant fair
8 notice of a legally cognizable claim and the grounds on which it rests. *Twombly*, 550 U.S. at 555.
9 Dismissal of a complaint can be based on either the lack of a cognizable legal theory or the lack of
10 sufficient facts alleged under a cognizable legal theory. *Balistreri*, 901 F.2d at 699.  In considering
11 whether the complaint is sufficient to state a claim, the court will take all material allegations as true
12 and construe them in the light most favorable to the plaintiff.  *NL Indus., Inc. v. Kaplan*, 792 F.2d
13 896, 898 (9th Cir. 1986).  Although the court is generally confined to consideration of the
14 allegations in the pleadings, when the complaint is accompanied by attached documents, such
15 documents are deemed part of the complaint and may be considered in evaluating the merits of a
16 Rule 12(b)(6) motion.  *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

17  The court construes the complaint liberally because it was drafted by a pro se plaintiff.
18 *Balistreri*, 901 F.2d at 699.  When granting a motion to dismiss, the court is generally required to
19 provide pro se litigants with "an opportunity to amend the complaint to overcome deficiencies
20 unless it is clear that they cannot be overcome by amendment." *Eldridge v. Block*, 832 F.2d 1132,
21 1135-36 (9th Cir. 1987).  In determining whether amendment would be futile, the court examines
22 whether the complaint could be amended to cure the defect requiring dismissal "without
23 contradicting any of the allegations of [the] original complaint." *Reddy v. Litton Indus., Inc.*, 912
24 F.2d 291, 296 (9th Cir. 1990).  Leave to amend should be liberally granted, but an amended
25 complaint cannot allege facts inconsistent with the challenged pleading. *Id.* at 296-97.

26 **B. Judicial Notice**

27  In support of their motion to dismiss, Defendants request that the Court take judicial notice
28 ("RJN") of documents regarding the ownership of the underlying property and the Court's "entire

4

file in this action." Doc. No. 61. Courts may take judicial notice of facts that are "either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

The Court **grants** Defendants' request to take judicial notice of Exhibit A, which is comprised of documents regarding the ownership of the underlying property at 10865 Pine Point Road, Cobb, California. *See* Defs.' RJN, Ex. A (grant deed, deed of trust, notice of pendency of action in state court, and quitclaim deeds). These property and court documents are capable of accurate and ready determination. *See* Fed. R. Evid. 201(b). As the Court has previously explained, Defendants' request to take judicial notice of the Court's own file in this action, including its order on Defendants' motion to dismiss the original complaint is unnecessary and will be **denied**.[1] Defs.' RJN, Ex. B.

## C.     First Cause of Action: Deprivation of Property Without Due Process

In the first cause of action, Plaintiff alleges a deprivation of property without due process, including language from the Court's order on the motion to dismiss the original complaint. AC ¶ 33. The AC adds allegations against individual Defendants Coel and Brumfield, describing their role in the denial of the building permit and in the loss of Plaintiff's property. *Id*. Construed in the light most favorable to Plaintiff, the AC's allegations are sufficient to state a procedural due process claim against all Defendants based on Defendants wrongfully requiring, then denying, a building permit and causing Plaintiff's loss of personal property allegedly valued at $40,000 in building materials and $42,000 in personal belongings. *Id*. at ¶ 11. This cause of action may proceed.

## D.     Second Cause of Action: Vagueness of Uniform Building Code § 106.1

The second cause of action alleges a due process challenge to Section 106.1 of the Uniform Building Code as unconstitutionally vague as applied to Plaintiff. *See U.S. v. Other Medicine,* 596 F.3d 677, 682 (9th Cir. 2010) ("[V]agueness challenges to statutes that do not involve First Amendment violations must be examined as applied to the [party challenging the statute].")

---

[1] In both the RJN and motion to dismiss the AC, Defendants have raised similar arguments the Court previously denied in its order on Defendants' motion to dismiss the original complaint.

1  (citations omitted). Defendants do not move to dismiss this cause of action and the Court previously
2  held that this cause of action was sufficiently alleged to proceed.

### E. Third Cause of Action: Racial Discrimination in Violation of the Fair Housing Act

In the third cause of action, Plaintiff alleges a claim of racial discrimination in violation of the Fair Housing Act. AC ¶ 54; *see also id*. at ¶ 58. Plaintiff alleges that Defendants treated her differently than non-Hispanic individuals in the denial of the building permit. *Id*. at ¶¶ 7, 54; *see also id*. at ¶ 58. Defendants argue that the AC fails to state a claim against individual Defendants Coel and Brumfield.

As described in more detail in the Court's order on Defendants' motion to dismiss the original complaint, the AC's allegations support a claim against the entity Defendants for race-based discrimination, alleging an anti-Hispanic remark by a member of the Lake County Board of Supervisors. AC ¶¶ 7 (alleging denial of building permit based on anti-Hispanic motive and alleging that similarly situated owners in the neighborhood have been issued building permits under similar circumstances regarding lack of a public water system and availability of private water system), 54 (same), 58 (same). The AC fails, however, to include allegations identifying discriminatory conduct by individual Defendants Coel and Brumfield. Plaintiff's statements that she believes Defendants Coel and Brumfield's conduct was racially motivated is insufficient. *See id*. at ¶ 54, 31:21-26 ("It is my belief after taking a detailed view of the whole picture, that behind these contradictory demands was racism and discrimination ... due to my Spanish surname, which was the only one in the subdivision community wherein my property was located."). The third cause of action, as to individual Defendants Coel and Brumfield, is dismissed with prejudice because the Court has already provided Plaintiff with "an opportunity to amend the complaint to overcome deficiencies" and it is now clear that these deficiencies "cannot be overcome by amendment." *See Eldridge*, 832 F.2d at 1135-36. This cause of action may proceed against the entity Defendants.

### F. Fourth Cause of Action: Due Process and Fair Housing Act Violations

In the fourth cause of action, Plaintiff alleges disability discrimination in violation of the Fair Housing Amendments Act for Defendants' denial of Plaintiff's request for reasonable accommodation based on her disability. AC ¶ 56. The Amended Complaint continues to fail,

6

however, to identify Plaintiff's disability despite the Court's order on Defendants' motion to dismiss the original complaint. *See id*. at ¶¶ 27, 54, 56, 61; *see also id*. at ¶ 42. In addition, the AC suggests that former Plaintiff Bezdenejnykh was disabled, not remaining Plaintiff Alvarez. *See id*. at ¶ 58, page 44; *id*. at Ex. 12. Mr. Bezdenejnykh is no longer part of this action and a claim for discrimination based on Mr. Bezdenejnykh's alleged disability is improper. The fourth cause of action for disability discrimination is dismissed with prejudice because the Court has already provided Plaintiff with "an opportunity to amend the complaint to overcome deficiencies" and it is now clear that these deficiencies "cannot be overcome by amendment." *See Eldridge*, 832 F.2d at 1135-36.

To the extent that this cause of action raises allegations of a due process violation for deprivation of property, such allegations are repetitive with those allegations raised in the first cause of action. *See* AC ¶ 56, pages 40-41.

This cause of action refers in passing to the Americans with Disability Act ("ADA"). *Id*. at ¶ 56, page 41. The Court does not interpret this passing reference to constitute an ADA claim.

### G.  Fifth Cause of Action: Disability Discrimination in Violation of the Fair Housing Amendments Act

The fifth cause of action repeats the earlier claims of racial and disability discrimination raised in the third and fourth causes of action. *See* AC ¶ 58. As discussed above, the disability discrimination claim is dismissed with prejudice for failure to state a claim upon which relief can be granted. Allegations of racial discrimination included in the fifth cause of action should be added to the third cause of action. *Id*. at 43:27-44:4. Therefore, the fifth cause of action is dismissed with prejudice as to the disability discrimination claim and stricken as to the remainder.

### H.  Sixth Cause of Action: Intentional Infliction of Emotional Distress

The sixth cause of action alleges intentional infliction of emotional distress. The Court previously dismissed this claim against all Defendants, both the individual and entity Defendants, based on state law immunities. The AC re-pleads an intentional infliction of emotional distress claim but fails to overcome the state law immunities. To the extent that the sixth cause of action refers to discrimination claims, these claims are raised in the third, fourth, and fifth causes of action.

7

The sixth cause of action is therefore dismissed with prejudice because the Court has already provided Plaintiff with "an opportunity to amend the complaint to overcome deficiencies" and it is now clear that these deficiencies "cannot be overcome by amendment." *See Eldridge*, 832 F.2d at 1135-36.

### I. Previously Dismissed Claims: "Essential Use of Land," Seventh Amendment, and "Land Patent"

The Court previously dismissed Plaintiff's claims based on the "essential use of land," her Seventh Amendment right to a jury trial, and "land patent" rights, and ordered Plaintiff to remove such allegations from the AC. The AC does not raise any new allegations to overcome the deficiencies regarding these previously dismissed claims, but still includes such allegations throughout the AC. For example, the AC includes allegations regarding the right to the "essential use of land" (AC ¶¶ 9, 14, 18, 31, 48); Seventh Amendment right to a jury trial (AC ¶¶ 3, 10, 16, 25 at 15:8-12, 33 at 21:13, 35 at 22:13-20, 37, 38, 58 at 45:9-13); and "land patent" rights (AC ¶ 19 at 12:17-21). All allegations regarding these previously dismissed claims are stricken from the AC and must be removed. Though the AC is liberally construed because Plaintiff is proceeding pro se, the Court cannot act as Plaintiff's lawyer.

### J. Exemplary and Punitive Damages

Plaintiff seeks exemplary and punitive damages for her racial discrimination, disability discrimination, and intentional infliction of emotional distress claims. AC ¶¶ 66, 67, 70. As described above, the Court has dismissed with prejudice the disability discrimination and intentional infliction of emotional distress claims. The Court grants Defendants' request to strike the AC's corresponding requests for damages based on the dismissed claims. *See id*. at ¶¶ 66, 68, 70. Plaintiff is ordered to remove these paragraphs when filing an amended pleading.

It is unclear whether Defendants are also arguing that Plaintiff is barred from seeking exemplary or punitive damages for her racial discrimination claim, which has not been dismissed and proceeds only against entity Defendants Lake County and Lake County Board of Supervisors. Though punitive damages are authorized under the Fair Housing Act, 42 U.S.C. § 3613(c)(1), the Fair Housing Act does not expressly authorize punitive damages against municipalities. The Court

8

instructs the parties to address on summary judgment whether punitive damages for the racial discrimination claim under the Fair Housing Act may proceed against the entity Defendants.[2]

## III. CONCLUSION

For the reasons described above, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' motion to dismiss the Amended Complaint. In summary:

1. The Court grants Defendants' request to take judicial notice of Exhibit A and denies Defendants' request to take judicial notice of Exhibit B and the court's file in this action.

2. The first cause of action for deprivation of property without due process sufficiently states a claim upon which relief can be granted.

3. Defendants do not move to dismiss the second cause of action challenging Uniform Building Code § 106.1 as unconstitutionally vague and the Court previously held that this cause of action was sufficiently alleged to proceed.

4. The third cause of action for racial discrimination, as to individual Defendants Coel and Brumfield, is dismissed with prejudice for failure to state a claim upon which relief can be granted. This cause of action may, however, proceed against the entity Defendants.

5. The fourth cause of action for disability discrimination is dismissed with prejudice for failure to state a claim upon which relief can be granted. Plaintiff is instructed to remove the fourth cause of action.

6. The fifth cause of action is dismissed with prejudice as to the disability discrimination claim and stricken as to the remainder. Plaintiff is instructed to add the allegations of racial discrimination included in the fifth cause of action to the third cause of action as described above and then remove the fifth cause of action.

---

[2] To prevent future confusion, the Court notes that the issue of whether the entity Defendants are immune from liability for exemplary or punitive damages was not decided on merits, contrary to Defendants' statements in their motion. Defs.' Mot. at 12 (Doc. No. 60). The Court's previous order found that the immunity issue for exemplary and punitive damages for Plaintiff's intentional infliction of emotional distress claim was moot because the Court dismissed this claim. The Court also did not address exemplary or punitive damages for Plaintiff's racial discrimination claim.

7. The sixth cause of action for intentional infliction of emotional distress is dismissed with prejudice for failure to state a claim upon which relief can be granted. Plaintiff is instructed to remove the sixth cause of action.

8. Allegations regarding the "essential use of land," Plaintiff's Seventh Amendment right to a jury trial, and "land patent" rights are stricken. As described in more detail above, Plaintiff is instructed to remove these allegations from the Amended Complaint.

9. The Amended Complaint's requests for any damages, including exemplary and punitive damages, based on the dismissed claims of disability discrimination and intentional infliction of emotional distress are stricken. Plaintiff is instructed to remove these damages requests.

Plaintiff is granted fourteen (14) days from the date of service of this order to file a Second Amended Complaint ("SAC"), remedying the defects in the AC as explained above and subject to the limitations noted above. The pleading should be clearly labeled "Second Amended Complaint" and must have the docket number of this case on the title page. Plaintiff's failure to timely file a SAC in compliance with this order may result in the dismissal of this entire action. Defendants must file an answer to the SAC within twenty-one (21) days after Plaintiff files the SAC.

A case management conference will be held on June 21, 2011 at 2:00 p.m. to discuss scheduling. The parties may appear by telephone and need to contact the courtroom deputy, Gloria Masterson, by email to confirm their telephone appearance (Gloria_Masterson@cand.uscourts.gov).

**IT IS SO ORDERED.**

Dated: May 25, 2011

NANDOR J. VADAS
United States Magistrate Judge