**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| FLORIDALMA ALVAREZ,<br><br>    Plaintiff,<br><br>    v.<br><br>LAKE COUNTY BOARD OF SUPERVISORS, et al.,<br><br>    Defendants. | No. CV 10-1071 NJV<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS FOR AN ORDER REQUIRING SETTLEMENT; AND DENYING PLAINTIFF'S MOTION FOR SANCTIONS AND DEFAULT JUDGMENT**<br><br>(Docket Nos. 82, 87) |

This is an action based on the denial of a building permit to Plaintiff Floridalma Alvarez and an order directing Plaintiff to abate the nuisance by Defendants Lake County Board of Supervisors, Lake County, Lake County Code Enforcement Manager (i.e., Manager of the County's Code Enforcement Division) Voris Brumfield in her individual and official capacity, and Director of Lake County Community Development Department Richard Coel in his individual and official capacity. The parties consent to jurisdiction of this Court pursuant to 28 U.S.C. § 636(c). Plaintiff, who is proceeding pro se, moves for an order requiring Defendants to settle. Doc. No. 82. Plaintiff also moves for sanctions and default judgment. Doc. No. 87. Pursuant to Local Rule 7-1(b), Plaintiff's motions are taken under submission without oral argument. Having carefully considered the papers submitted, and for good cause shown, the Court **denies** Plaintiff's motions.

## I. BACKGROUND

Plaintiff owned, but no longer currently owns, property located at 10865 Pine Point Road in Cobb, California. This action is based on Defendant Lake County Board of Supervisors' denial of Plaintiff's building permit to build a home on her property and the Board's order to abate the

nuisance requiring Plaintiff to remove personal property and a storage facility on this property. Former Plaintiff Youri Bezdenejnykh has been dismissed with prejudice from the lawsuit. Doc. Nos. 46, 63.

On May 25, 2011, the Court granted in part and denied in part Defendants' motion to dismiss the Amended Complaint. Three causes of action were permitted to go forward: (1) a due process claim under 42 U.S.C. § 1983 for deprivation of property; (2) a separate due process claim raising a void for vagueness challenge to Section 106.1 of the Uniform Building Code; and (3) a claim of racial discrimination in violation of the Fair Housing Act, 42 U.S.C. § 3604, against the entity Defendants. All other claims were dismissed with prejudice. Plaintiff filed a Second Amended Complaint ("SAC") and Defendants have filed their answer to the SAC. Doc. Nos. 88, 89, 93.

On June 20, 2011, Plaintiff filed a motion for an order requiring Defendants to settle. Doc. No. 82. On June 23, 2011, Plaintiff also moved for sanctions and default judgment. Doc. No. 87. Defendants have not filed a response to either motion.[1]

## II. DISCUSSION

### A.     Order Requiring Settlement

Plaintiff moves for an order requiring Defendants to settle because Defendants failed to timely submit their settlement conference statement with Magistrate Judge Maria-Elena James and because Defendants requested an extension of the discovery deadline. Doc. No. 82. Alternatively, Plaintiff requests evidentiary and monetary sanctions. Defendants have not responded to Plaintiff's motion.

The Court **denies** Plaintiff's motion because the failure to timely submit a settlement conference statement does not justify imposition of a court order requiring Defendants to settle. While a party's violation of court orders may warrant sanctions, Defendants have not violated any court orders. Pursuant to Judge James' standing order, settlement conference statements are due not later than seven (7) calendar days before the settlement conference and are to be submitted to Judge

---

[1] Defendants' response to Plaintiff's motions were due on July 5 and July 7, 2011. As of July 27, 2011, Defendants have not filed a response to either motion. The Court warns Defendants that the failure to respond to Plaintiff's motions in the future may result in a finding of non-opposition. Even if Plaintiff's pro se filings are difficult to understand, Defendants must timely respond as required under the Federal Rules of Civil Procedure and the Civil Local Rules.

2

James, not filed. The settlement conference before Judge James has been continued to September 21, 2011 (Doc. No. 94), which means that the parties' settlement conference statements are due by September 14, 2011. Plaintiff's alternative request for sanctions is addressed in Section II.B.

**B.  Sanctions & Default Judgment**

Plaintiff also moved for sanctions and default judgment under Federal Rule of Civil Procedure 37(b)(2). Doc. No. 87. Plaintiff argues that 1) Defendants failed to timely produce discovery requested by Plaintiff; 2) Defendants rejected Plaintiff's efforts to settle the action outside of the court; 3) Defendants failed to timely submit their settlement conference statement; and 4) Defendants "unilaterally" filed a further case management conference ("CMC") statement rather than the required joint CMC statement. Defendants have not responded to Plaintiff's motion.

Under Rule 37, the court may sanction a party for disobeying its discovery order including by "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action"; "prohibiting the disobedient party from supporting or opposing designated claims or defenses"; or by "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A). Here, Defendants have not violated any discovery order and therefore, sanctions under Rule 37 are not proper. In an abundance of caution, the Court addresses each of Plaintiff's arguments.

1.  Discovery

The Court has extended the discovery deadline to August 9, 2011, mooting Plaintiff's arguments regarding the discovery deadline. Doc. No. 95. Plaintiff has requested that Defendants 1) produce transcripts from the September 22, 2009 and December 1, 2009 hearings before the Board of Supervisors; and 2) identify the two alleged complainants. It appears that Defendants produced an electronic version of the hearing transcripts on cd-rom, but not a hard copy. Because Plaintiff appears unable to access the transcripts in the electronic format provided, Defendants are **ordered** to produce hard copies of both hearing transcripts to Plaintiff by August 19, 2011. The parties are ordered to meet and confer by telephone or in person to discuss Plaintiff's second request regarding the identity of the alleged complainants. If the parties are unable to resolve this issue, the parties shall raise the issue at the upcoming further CMC scheduled for August 30, 2011.

### 2. Informal Settlement Efforts

The fact that Defendants have rejected Plaintiff's efforts to settle the action outside of the court does not warrant sanctions. The Court denies Plaintiff's motion based on this ground.

### 3. Settlement Conference Statement

As addressed above, Defendants' settlement conference statement is not due yet. The parties' settlement conference statements are not due to Judge James until seven (7) days before the settlement conference. The Court notes that even if Defendants' settlement conference statement was untimely, this would not warrant sanctions.

### 4. Case Management Conference Statement

The fact that Defendants filed a further CMC statement on their own rather than as a joint statement does not warrant sanctions. The Court denies Plaintiff's motion based on this ground.

## III. CONCLUSION

The Court **denies** Plaintiff's motion to require Defendants to settle and Plaintiff's motion for sanctions and default judgment. The Court **orders** Defendants to produce hard copies of the September 22, 2009 and December 1, 2009 hearing transcripts requested to Plaintiff by August 19, 2011.

Plaintiff has filed numerous documents, including some which are duplicative and some which should not be filed, often at a rate of multiple filings per week. The Court instructs Plaintiff not to file duplicative documents and not to file discovery responses. Plaintiff shall serve her discovery responses on Defendants instead of filing them.

**IT IS SO ORDERED.**

Dated: July 27, 2011

NANDOR J. VADAS
United States Magistrate Judge

4